# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KENNETH S. VEAL, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:08-CV-3-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kenneth S. Veal, Sr., a prisoner proceeding *pro se*, filed this habeas corpus petition challenging a prison disciplinary determination in which he was demoted to a lower credit-earning class. [DE 1.] For the foregoing reasons, the Petition is denied.

**A. Facts**

In MCF 07-10-0120, a Disciplinary Hearing Body ("DHB") at Miami Correctional Facility found Veal guilty of possession of a deadly weapon in violation of A106. The conduct report completed by Officer Johnson states as follows:

> On 10-12-07 I, c/o W. Johnson, was performing a cell search in DHU Cell #345/346 with c/o Miles. While going through Ofd. Veal, Kenneth #146269 property box I found what appeared to be an edge weapon in a clear hygiene box. The object appeared to be made out of magazine paper, a sharpened metal object and some tape. I then continued my cell search and found nothing further.

[DE 9-2.] Officer Miles submitted a witness statement providing as follows:

> I officer Miles on 10/12/07 assisted officer Johnson in shaking down cell 345/346. In the process of shaking it down we found a home made knife. Consisting of a sharpened toenail clipper handle imbedded in tightley [sic] rolled magazine pages. This item was found in the Locked property box of offender Veal DOC #146269.

[DE 9-3.]

On October 16, 2007, Veal was notified of the charges. [DE 9-4.] The screening report reflects that he pleaded not guilty, declined a lay advocate, and requested witness statements from various prison staff who could attest that he had been having trouble with his cellmate and had asked to be moved. He also asked that the DHB review the surveillance videos to determine who had entered his cell on the date the weapon was found. [DE 9-4.]

On October 23, 2007, a three-member DHB conducted a disciplinary hearing, found him guilty, and imposed a sanction of a credit class demotion from credit class I to class II, six months disciplinary segregation, and a written reprimand. [DE 9-8.] In making their determination, the DHB stated that it was relying on staff reports, the videos, a photograph of the weapon, witness statements, and Veal's own statements. [*Id.*] Veal's appeals to the facility head and the final reviewing authority were denied. [DE 9-10, 9-11.]

**B.     Analysis**

Where prisoners lose good time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Veal raises three claims in his Petition. First, he asserts that he was not brought before the DHB within seven days as required by DOC policy. [DE 1 at 4; DE 10 at 3-5.] Relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or laws, and violation of internal prison policies or other state laws do not state a claim for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997). Accordingly, this claim does not provide a basis for granting habeas relief.

Second, Veal asserts that there was "no video evidence to show who went in & out of my cell on October 12, 2007." [DE 1 at 4.] A prisoner has a limited right to call witnesses and present documentary evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566; *Sweeney v. Parke*, 113 F.3d 716, 719–20 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir. 2001). Here, Veal requested that the DHB obtain witness statements and review video surveillance, and the DHB did so. The DHB obtained witness statements from three prison staff, two of whom confirmed that Veal had complained of problems with his cellmate and had asked to be moved, and the third stated that he "honestly [could not] recall" having any conversation with Veal on that topic. [DE 9-5, 9-6, 9-7.] The DHB also viewed the videos as requested by Veal, and prepared a report stating as follows:

> Camera 1 is pointing at back stairwell with cells DHU 349/350 and 351/352 in view. Cell DHU 345/346 is not in view of camera. Camera 2 is pointing towards the podium/officer's desk.

[DE 9-8.] Thus, the video surveillance did not provide any useful evidence on the issue of who had entered Veal's cell on the date in question. The DHB was not required to manufacture

3

evidence favorable to Veal, and he received all the process he was due when the DHB considered the evidence he requested.

Although it is not entirely clear, Veal may also be arguing that because the surveillance video was inconclusive, the DHB could not find him guilty. In other words, that there was insufficient evidence to support the DHB's determination. In reviewing a DHB's decision, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. The court will overturn the DHB's decision based on insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Contrary to Veal's argument, there is no constitutional requirement that there be video evidence supporting the DHB's determination. As stated above, the question for this Court is whether there is *any* evidence in the record to support the DHB's conclusion. The Court finds that there was ample evidence to support the DHB's conclusion, including the conduct report, the witness statement by Officer Miles, and the photograph of the weapon. Although Veal vigorously denies that the weapon belonged to him and asserts that his cellmate was trying to set him up, it is not the province of this Court to reweigh the evidence or make its own determination regarding the credibility of the witnesses. *McPherson*, 188 F.3d at 786.

Finally, Veal alleges that there was approximately $400 worth of personal property taken from his cell. [DE 1 at 5.] This is in essence a state tort claim that is not cognizable in this habeas proceeding. Indeed, Veal states in his Petition that he has filed a tort claim regarding his personal property, and so it is unclear why he has included the allegation here. He appears to believe that the allegation supports his claim that someone set him up by planting the weapon in his property box: he posits, "Why would all my stuff be missing, except who put this shank in my property box, took my property too . . ." [DE 1 at 5.] To the extent this even raises a cognizable due process claim, it is essentially a reformulation of his sufficiency of the evidence claim. As this Court already determined, there is ample evidence in the record to support the DHB's determination, and it would not be proper for the Court to reevaluate the evidence and make its own determination of guilt or innocence. *See McPherson*, 188 F.3d at 786.

**C.     Conclusion**

For the foregoing reasons, the Petition for Write of Habeas Corpus [DE 1] is **DENIED**.

SO ORDERED on December 8, 2009.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION